UNITED STATES of America ex rel. Fred CARTER, Petitioner-Appellant,

v.

Hon. J. Edwin LaVALLEE, Warden, Clinton Prison, Dannemora, New York, Respondent-Appellee.

No. 713, Docket 35379.

United States Court of Appeals, Second Circuit.

Argued April 13, 1971.

Decided April 14, 1971.

---

Ronald H. Alenstein, New York City, for petitioner-appellant.

Michael Colodner, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

## PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of New York, John F. Dooling, Jr., Judge, denying after a hearing petitioner-appellant's petition for a writ of habeas corpus. The appellant seeks to challenge the legality of his conviction following a guilty plea in the Supreme Court of Kings County, New York to robbery in the third degree on June 15, 1965. He was sentenced as a third felony offender to six and a half to ten years imprisonment. The appellant has exhausted the state remedies available to him through a writ of *cor-*

*am nobis,* and is therefore properly before the federal courts.

The central issue in the case is whether or not the appellant's guilty plea was voluntary. The appellant contends that the plea was entered after his counsel had reached a specific understanding with the prosecutor and the judge that the maximum sentence that would be imposed would be no more than seven years, and that since the promise was not followed by the court, his waiver of his right to trial was not voluntary and the guilty plea obtained in violation of due process of law. The state concedes that if it were established that the seven years promise was in fact made and then broken, the appellant would be entitled to have the writ issue. [See, United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966).]

At the hearing held below, neither the Legal Aid attorney, Richard I. Rosenkranz, who represented the appellant in 1965 nor the State Supreme Court Justice, Mr. Justice Rinaldi, were able to recall the events surrounding the appellant's plea. A review of the transcript of these proceedings, however, indicated that on the record at least, the court had indicated only that the maximum sentence would not exceed ten years.

[The Court]: All right. So at this time your lawyer has made a record, but I make you a promise on the record now that the maximum sentence under any circumstances will not be over 10. Do you understand that?

[Appellant]: Yes.

At the hearing, Mr. Justice Rinaldi testified that although he had no recollection of the particular case, his general practice was first to confer with the attorneys for both sides, to have the prosecutor indicate the minimum plea which he would accept, and then to indicate what the maximum sentence would be if the defendant were to plead guilty. If the defense attorney was able to obtain the acquiescence of his client, the plea would then be taken in open court and the sentence promise would be made on

record. In addition, Justice Rinaldi produced his calendar records for the day in question which contained an entry in his own handwriting stating "Rob. 3 unarmed" and "Max. 10" with a circle drawn around the 10 written next to appellant's case. Justice Rinaldi testified that it was not his practice to make one promise off the record and then on the record state a higher maximum, although he did state that he believed that this was the practice of other of his colleagues.

Mr. Rosenkranz testified at the hearing below that although he did not have any recollection of the appellant's case, his records, which were produced, stated:

> J. Rinaldi promised me no more than 7 yrs.—on record up to 10. Covered by plea to Rob. 3 unarmed under Ind. # 2965/64.

Based on this evidence, the court below found:

> That both figures [7 and 10 years] were in the case somehow is beyond question, but exactly how is now beyond reconstruction. It is only possible that there was meaningful discussion of a possible sentence of not more than seven years, and all are in agreement that the promise of record was to be ten years. If that much is so, then any discussion of seven years necessarily had a limited meaning, and a meaning that at this stage can no longer be established.

The burden of establishing the existence of the seven year promise and the reliance on it is clearly on the appellant. The court below concluded that, as a matter of fact, the appellant had failed to prove that it had been relied upon. The appellant has presented no convincing arguments that this finding was "clearly erroneous."

A second question was raised by events which took place some weeks after the entry of the guilty plea discussed above but before sentencing. On June 14, 1965 the appellant appeared before Justice Rinaldi and attempted to withdraw his previous plea.[1] Appellant retracted his motion the following day.

The court below did not, however, rule on the contention that the withdrawal of the appellant's motion to set aside his guilty plea was improperly coerced since it concluded that the question had not been properly raised in the state *coram nobis* proceedings. In this we think the court was correct. The appellant admits that in his *pro se* petition to the state court he did not make specific reference to the allegation that his withdrawal of the motion to set aside the plea was coerced, but he alleges that the wording of the *coram nobis* petition was such that the New York court's attention should have been drawn to the question. It was not, however, sufficiently brought to the court's attention, and the state court should have the opportunity first to pass upon it.

Judgment affirmed.

1. The following colloquy occurred.
The Court: I made you a promise, didn't I?
Defendant: Yes.
The Court: By making this motion you told me you're not interested in any promise because you're innocent.
Defendant: Right.
The Court: So you can't hold me to the promise anymore.
Defendant: Right.
The Court: All right. He has a right to withdraw his plea if after a hearing I find he's entitled to it. But if I should find against him, I want to be off that promise.

\* \* \* \* \*
The Court: I'll tell you something. I'll hear your motion, but as of now I'm going to hear your motion. If you win your motion, then you're on top. If you lose your motion, I want to be free from any promise I made you.
\* \* \* \* \*
The Court: Before you go back, I tell you now, if Mr. Rosenkranz testifies that what you say isn't true [i. e. that the guilty plea was not voluntary) I'm going to find against you, but I'm off the promise because I asked you this morning about the promise.